**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raymond Ladell SLOAN,**
**Defendant–Appellant.**

No. 94–6070.

United States Court of Appeals,
Tenth Circuit.

Sept. 13, 1995.

Leslie M. Maye, Assistant United States Attorney (Rozia McKinney Foster, U.S. Attorney, and Kim Taylor, Assistant U.S. Attorney, with her on the brief), Oklahoma City, OK, for plaintiff-appellee.

Bill Zuhdi, Oklahoma City, OK, for Raymond Ladell Sloan, defendant-appellant.

Before KELLY, Circuit Judge, GODBOLD, Senior Circuit Judge,* and McWILLIAMS, Senior Circuit Judge.

McWILLIAMS, Senior Circuit Judge.

In a 38–count superseding indictment Raymond Ladell Sloan and six others were jointly charged in the United States District Court for the Western District of Oklahoma with various drug and drug related offenses. Two defendants pled guilty to one count and have not appealed their sentence. The remaining five defendants went to trial, and all were convicted by a jury on various counts. Each filed a separate appeal. We are here concerned with one defendant, Raymond Ladell Sloan (Sloan).

Sloan was convicted on 14 of the 16 charges against him and was sentenced to imprisonment for 360 months on certain counts and 96 months on other counts, all to be served concurrently.[1] He now appeals his

---

* Honorable John C. Godbold, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

1. Sloan's total offense level was 42 and his criminal history category was III, which sets a guide-

convictions and the sentences imposed thereon. We affirm.

## I. Sufficiency of the Evidence

■ Sloan was acquitted on count 1 charging conspiracy and on count 11 charging a distribution of cocaine base, and convicted on 14 other charges of drug distribution and using the telephone to facilitate a drug distribution. Counsel argues as his first ground for reversal that as a matter of law the evidence is insufficient to support any conviction. This argument is apparently based on the fact that much of the evidence against Sloan came in the form of testimony of accomplices, which was, according to counsel, "uncorroborated, contradictory and incredible, as a matter of law," to the end that "no rational trier of the fact could have found the essential elements of the crime beyond a reasonable doubt." That is not our view of the matter.

It is true that much of the evidence presented by the government consisted of the testimony from accomplices of Sloan. Not just *one* accomplice, but many, we would add. It is also true that the jury acquitted Sloan on the conspiracy charge. But we reject any suggestion that because Sloan was acquitted of conspiracy, the jury could not find him guilty on other counts in the indictment. Counsel does not argue here that the verdicts were legally inconsistent.

The instant case involved an ongoing investigation by the FBI and the Oklahoma City Police Department into protracted drug distribution within the Soonerhaven and Will Rogers Courts housing projects in Oklahoma City, Oklahoma. After the arrest of five individuals transporting cocaine base from Texas to Oklahoma, some of those individuals, and others, "cooperated" with the authorities which resulted, *inter alia*, in a wiretap of Sloan's residence. As indicated, numerous accomplices and co-conspirators testified against Sloan and involved him as a key figure in the drug distribution scheme which functioned from 1988 to 1993.

■ In determining the sufficiency of the evidence, we review the evidence in a light

line range for imprisonment at 360 months to

most favorable to the government in order to determine whether all the evidence, both direct and circumstantial, together with reasonable inferences therefrom, convinces us that a rational fact finder could have found the appellant guilty of the crime charged beyond a reasonable doubt. *United States v. Chavez–Palacios*, 30 F.3d 1290, 1293–94 (10th Cir.1994) (quoting *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979)). In making this determination, we review the record *de novo*, *United States v. Grimes*, 967 F.2d 1468, 1472 (10th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 355, 121 L.Ed.2d 269 (1992).

In *United States v. McGuire*, 27 F.3d 457, 462 (10th Cir.1994), we rejected the suggestion that "the testimony of an accomplice should seldom, if ever, be believed" and recognized the general rule that in a criminal case a jury may convict a defendant on the *uncorroborated* testimony of an accomplice. As indicated, in the instant case, we have the testimony of *many* accomplices. In short, we are not persuaded that there is insufficient evidence to support the jury's verdict convicting Sloan on 14 of the 16 counts in which he was charged.

## II. 18 U.S.C. § 3006A(e)(1)

■ Six weeks prior to trial, counsel for Sloan filed a motion under 18 U.S.C. § 3006A(e)(1) alleging that Sloan was indigent and asking that an investigator be appointed to assist counsel in preparing for trial. The district court denied that motion, and counsel, on appeal, argues that such constitutes reversible error. We disagree.

In this Court, counsel's position is that the district court erred in not appointing a CPA and a medical doctor to assist Sloan in preparation for trial. Specifically, counsel suggests that if a CPA had examined Sloan's financial status he would have found that Sloan had "no assets" whatsoever, which, according to counsel, would indicate that he was not involved in drug dealing. At trial, however, the government's evidence showed that indeed Sloan had no assets to speak of, and in this regard, it was the government's

life.

theory of the case that the drug proceeds were spent when received and not used to acquire real estate or stocks and bonds, nor put in bank accounts, by way of example. So, the CPA would have testified to facts conceded by the government.

The medical doctor, according to counsel, would have testified that Sloan was not a "user" of drugs, which counsel suggests would indicate that Sloan was not dealing in cocaine. Be that as it may, the government's evidence showed that indeed Sloan was not a drug user. So, again, the doctor would have testified to a fact conceded by the government at trial.

■ Under the circumstances above outlined, we find no error in the district court's denial of Sloan's motion. A decision to deny, or grant, an application for expert services is a matter committed to the sound discretion of the district court and will not be disturbed on appeal absent a showing of prejudice. *United States v. Bercier*, 848 F.2d 917 (8th Cir.1988).

### III. Gang Activity

■ Prior to trial, counsel, by motion, sought to prohibit the government from introducing any evidence that Sloan, and others, were engaged in "gang activity." The district court denied the motion, but did express concern about the matter and stated that the government could not introduce such line of testimony unless it related to the essential elements of the crimes charged in the indictment. So, during the trial there was testimony relating to Sloan's gang membership, some of which was allowed, and some of which was excluded and the jury admonished to disregard. Counsel argues that the district court was lax in this regard and should have declared a mistrial. We disagree.

The government's evidence showed that these drug distributions in two housing projects in Oklahoma City were a part of the operation of two gangs which apparently had amicably divided up the territory. Gang membership under such circumstances was relevant and material to the crimes charged. This particular matter was considered in

*United States v. Robinson*, 978 F.2d 1554 (10th Cir.1992), Judge Seth dissenting, where we spoke as follows:

> Gang membership helped to establish an agreement among the subjects, the purpose of the conspiracy and knowledge on the part of these defendants. We share the appellants' concern and reiterate that affiliation evidence alone could not support a conviction. However, as the government emphasized at oral argument, gang membership was but one piece of evidence.
>
> > 'An item of evidence, being but a single link in the chain of proof, need not prove conclusively the proposition for which it is offered.... It is enough if the item could reasonably show that a fact is slightly more probable than it would appear without that evidence.... A brick is not a wall.'
>
> *United States v. Porter*, 881 F.2d 878, 887 (10th Cir.) (quoting *McCormick on Evidence* § 185 (E. Cleary 3d ed. 1984) (footnotes omitted)), *cert. denied*, 493 U.S. 944, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989). The dissent misses this point altogether, arguing that " 'proof that a person fits the profile, unsupported by evidence of drug trafficking, proves nothing.' " Dissent at 1569–70 (quoting *United States v. Simpson*, 910 F.2d 154, 157 (4th Cir.1990)). Here, there is ample evidence of drug trafficking in addition to the gang related items discovered at the apartment, which we conclude are not profile evidence in any event.

*Id.* at 1563.

In the instant case, the "gang activity" evidence was offered to prove the existence of a conspiracy, and to show the basis of the relationship between the defendant and witnesses who participated in the drug distribution operation. As indicated, Sloan was acquitted on the conspiracy charges. Nonetheless, our review of the record supports the district court's determination that certain gang evidence was more probative than prejudicial and thus was properly admitted.

### IV. Other Crimes

■ A government witness was asked on direct examination whether Sloan owed him

any money, and the witness replied, "Yes." When asked "from what" the money was owed, the witness said, "From giving him drugs and me paying my money—or I got him out of jail." Defense counsel objected to the "out of jail" statement. The objection was sustained, and the jury was instructed to disregard the statement. Defense counsel later moved for a mistrial based on the witness's "out of jail" statement, and the district court denied the motion. Counsel now argues on appeal that the district court's denial of his motion for mistrial is reversible error. We disagree.

 A district court's denial of a motion for mistrial is reviewed under an abuse of discretion standard. *United States v. Hartsfield*, 976 F.2d 1349, 1353 (10th Cir.1992). Under the described circumstances, we find no such abuse. The objection was sustained and the jury instructed to disregard the statement. There is nothing in the record before us to suggest that the jurors did not remain "true to their oath ... [to] conscientiously observe the instructions and admonitions of the court." *United States v. Greschner*, 802 F.2d 373, 381 (10th Cir.1986). Further, the evidence against Sloan was, in our view, overwhelming. The evidence indicated that Sloan was a major player in this cocaine operation. Where the evidence against a defendant is overwhelming, any error in mentioning a defendant's criminal record is harmless. *United States v. Van Scoy*, 482 F.2d 347, 349 (10th Cir.1973). In short, the district court did not err in denying the motion for a mistrial.

## V. Drug Quantity

 The pre-sentence report in paragraph 41 set Sloan's base offense level at 38 based on the fact that approximately 4.885 kg.'s of cocaine was "attributable" to Sloan. Sloan filed objections to paragraph 41, asserting, generally, that the evidence of drug dealing other than the transactions for which he was convicted as "relevant conduct" was contradictory and unreliable and he challenged, in particular, the testimony given at trial by Carlos Gonzales and Chris Scott. In rejecting Sloan's objections, the district judge stated that although he had "some concern" regarding the testimony of Gonzales, he nonetheless "felt that the testimony was reliable enough to sustain the drug amounts submitted by the government." We agree.

 We review a district court's drug quantity determination under a clearly erroneous standard, and we will not disturb it unless it has no support in the record or unless we are firmly convinced that an error has been made. *United States v. Cook*, 949 F.2d 289, 296 (10th Cir.1991). The government has the burden of proving the quantity of drugs for sentencing purposes by a preponderance of the evidence. *United States v. Garcia*, 994 F.2d 1499, 1508 (10th Cir. 1993). In determining the quantity of drugs involved, the government is not limited to the amount of drugs involved for which a defendant was convicted, and a defendant is responsible for "all quantities ... with which he was directly involved and ... all reasonably foreseeable quantities ... that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3, Comment, n. 2 (1993). The credibility of a witness whose testimony is relied upon at sentencing is for the sentencing court to analyze. *United States v. Deninno*, 29 F.3d 572, 578 (10th Cir.1994). The information underlying an estimate of the amount of drugs attributable to a defendant must possess "a minimum indicia of trustworthiness." *United States v. Cook*, 949 F.2d 289, 296 (10th Cir.1991). Our study of the record leads us to conclude that the determination by the district court of the quantity of drugs attributable under the guidelines to Sloan is not clearly erroneous.

## VI. Criminal History

On February 4, 1991, Sloan pled guilty in an Oklahoma state court to possession of a controlled dangerous substance and received a seven-year suspended sentence. Counsel argues in this Court that the district court erred in counting that conviction as a so-called "predicate felony" under U.S.S.G. § 4B1.1, arguing that the state conviction did not meet the definition of a "controlled substance offense" under § 4B1.2. That is not our reading of the presentence report. Rather, the state conviction was used in cal-

culating Sloan's criminal history category under U.S.S.G. § 4A1.1(c), which was proper.

Judgment affirmed.