**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 12/31/96**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

      No. 95-4174

MARCO ANTONIO VALDEZ,

      Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 94-CR-169-S)**

Randall Gaither, Salt Lake City, Utah, for Defendant-Appellant.

Richard D. McKelvie, Assistant United States Attorney, (Scott M. Matheson, Jr., United States Attorney, with him on the briefs), Salt Lake City, Utah, for Plaintiff-Appellee.

Before **PORFILIO**, **HOLLOWAY** and **BRISCOE**, Circuit Judges.

**PORFILIO**, Circuit Judge.

The central issue in this criminal appeal is whether 8 U.S.C. § 1326(b) constitutes a provision of substantive law, requiring the government to charge and prove a prior felony conviction, or whether it is a penalty enhancement provision under § 1326(a). We conclude it is an enhancement and affirm the judgment of the district court.

**I.**

In May 1994, Marco Antonio Valdez, a Mexican citizen, pled guilty in federal district court in Utah to distribution of cocaine. Mr. Valdez was immediately remanded to the custody of the Immigration and Naturalization Service (INS) and, following a hearing, he was deported on June 16, 1994. His federal drug conviction became final on June 20, 1994. Mr. Valdez also had a previous felony conviction stemming from a 1986 guilty plea in Utah state court to a drug offense.

Several months after Mr. Valdez's deportation, INS agents received information that he had reentered the country. In October 1994, Mr. Valdez was arrested for unlawful reentry by a deported alien in violation of 8 U.S.C. § 1326. The indictment originally alleged that Mr. Valdez had been previously deported subsequent to the conviction of an aggravated felony. The district court, however, ordered that language struck and evidence of the prior offense inadmissible at trial after concluding the 1994 conviction could not be considered final for purposes of § 1326.

The jury convicted Mr. Valdez and the case proceeded to sentencing. The district court announced that the timing of Mr. Valdez's 1994 conviction prevented enhancement

under § 1326(b)(2) because his deportation was not "subsequent to" his conviction as required by the statute. Instead, the court calculated the sentence under United States Sentencing Guidelines § 2L1.2;[1] though the court rejected a sixteen-level enhancement under § 2L1.2(b)(2) due to the same timing concern, it increased the base offense level by four under § 2L1.2(b)(1) and by twelve under § 5K2.0.[2] Based on an offense level of twenty-two, arrived at by decreasing two levels for acceptance of responsibility, and a criminal history category of III, the Guidelines sentencing range was fifty-one to sixty-three months. The district court sentenced Mr. Valdez to fifty-one months in prison.

---

[1] U.S.S.G. § 2L1.2 provides as follows:

Unlawfully Entering or Remaining in the United States

(a)  Base Offense Level: 8

(b)  Specific Offense Characteristics

If more than one applies, use the greater:

(1)  If the defendant previously was deported after a conviction for a felony, other than a felony involving violation of the immigration laws, increase by 4 levels.

(2)  If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels.

[2] U.S.S.G. § 5K2.0 allows the court to impose a sentence outside the applicable guideline range if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

## II.

Mr. Valdez contends that 8 U.S.C. § 1326(b) states a separate offense, requiring a prior conviction for an aggravated felony to be pled in the indictment and proven at trial. He argues that because the indictment was amended to omit reference to his 1994 aggravated felony conviction, and because the government failed to prove the prior conviction at trial, the district court erred in sentencing him under subsection (b).

Section 1326 of Title 8 provides in relevant part:

Reentry of deported alien; criminal penalties for reentry of certain deported aliens
(a) Subject to subsection (b) of this section, any alien who--
(1) has been arrested and deported or excluded and deported, and thereafter
(2) enters, attempts to enter, or is at anytime found in, the United States ...
shall be fined under Title 18, or imprisoned not more than two years, or both.
(b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--
(1) whose deportation was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both; or
(2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

8 U.S.C. § 1326 (1994).

Whether a prior conviction for an aggravated felony is an element of § 1326(b)(2) or is a condition triggering an enhanced penalty is a question of first impression in this circuit. Of the nine circuits that have addressed the issue, only one has held the provision

constitutes a separate offense. *Compare* **United States v. Campos-Martinez**, 976 F.2d 589, 592 (9th Cir. 1992) (separate offense), *with* **United States v. Haggerty**, 85 F.3d 403, 405 (8th Cir. 1996); **United States v. DeLeon-Rodriguez**, 70 F.3d 764, 767 (3d Cir. 1995) (sentence enhancement), *cert. denied*, 116 S.Ct. 1343 (1996); **United States v. Palacios-Casquete**, 55 F.3d 557, 559 (11th Cir. 1995) (same), *cert. denied*, 116 S.Ct. 927 (1996); **United States v. Munoz-Cerna**, 47 F.3d 207, 210 n.6 (7th Cir. 1995) (same); **United States v. Cole**, 32 F.3d 16, 18 (2d Cir.) (same), *cert. denied* 115 S.Ct. 497 (1994); **United States v. Crawford**, 18 F.3d 1173, 1177 (4th Cir.) (same), *cert. denied*, 115 S.Ct. 171 (1994); **United States v. Forbes**, 16 F.3d 1294, 1297-1300 (1st Cir. 1994) (same); **United States v. Vasquez-Olvera**, 999 F.2d 943, 945 (5th Cir. 1993) (same), *cert. denied*, 510 U.S. 1076 (1994). Upon examining the language and structure of § 1326(b), we, too, are convinced it denotes a sentence enhancement provision rather than a separate offense.

We believe the plain language of the statute strongly suggests § 1326(b) is a sentence enhancement provision. Subsection (a) outlines the elements of the offense -- arrest, deportation, and reentry -- while subsection (b) merely provides for more stringent penalties based on the offender's criminal history. *See* **Haggarty**, 85 F.3d at 405; **DeLeon-Rodriguez**, 70 F.3d at 766; **Vasquez-Olvera**, 999 F.2d at 945. Furthermore, subsection (a)'s introductory language, "subject to subsection (b) of this section," serves to intertwine the two provisions, indicating subsection (b) cannot stand as a separate offense. *See* **Haggerty**, 85 F.3d at 405; **Vasquez-Olvera**, 999 F.2d at 946.

The evolution of the statute's structure provides further evidence of Congress's intent to create a sentence enhancement provision rather than a new offense. In 1988, Congress amended 8 U.S.C. § 1326, adding subsection (b) and the initial line of subsection (a) and changing the name of the statute from "reentry of deported alien" to "reentry of deported alien; criminal penalties for reentry of certain deported aliens." We agree with the Fourth Circuit's conclusion that "[t]his change in title indicates that, by amending § 1326, Congress intended to create enhanced penalties for "certain" aliens who commit the underlying offense of unlawfully reentering the United States after having been previously deported, not to create a separate substantive offense." *Crawford*, 18 F.3d at 1177.

Mr. Valdez urges us to follow the rule in the Ninth Circuit that § 1326(b) is a separate criminal offense rather than a sentence enhancement provision. *See Campos-Martinez*, 976 F.2d at 591-92. In reaching its decision in *Campos-Martinez*, the court analogized to its prior interpretations of § 1325(a), the alien illegal entry statute, which it had concluded outlined two separate offenses.[3] We believe § 1325 and § 1326 are too dissimilar to compel identical readings and are unpersuaded Congress intended such a

---

[3] Section 1325(a) provides in relevant part:

[a]ny alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry ... by a willfully false or misleading representation ... shall, for the first commission of any such offense, be fined ... or imprisoned not more than six months, or both, and, for a subsequent commission of any such offense, be fined ... or imprisoned not more than two years, or both.

result. We hold subsection (b) is a sentence enhancement provision rather than a separate criminal offense. Accordingly, the government need not have charged Mr. Valdez's prior aggravated felony conviction in the indictment nor proven the offense at trial.

**III.**

Mr. Valdez also argues that the district court's use of the 1994 aggravated felony to enhance his base offense level by twelve levels pursuant to U.S.S.G. § 5K2.0 was error. He contends that because the district court had determined the conviction was not final for purposes of sentencing under § 1326(b)(2), it was improper for the court to consider the offense for enhancement purposes under U.S.S.G. § 5K2.0. We disagree.

At sentencing, the district court enunciated its reasoning as follows:

> [T]his Court ... conclude[s] that a 16-point enhancement would not be appropriate because the conviction did not become final until a few days after he was deported. However, the facts in support of a 16-level increase all exist except for the timing of the deportation....
> [T]he offense level would be eight. The criminal history category is three. However, the record is clear that he was convicted of a felony on 6-9, 1986 ... [s]o it appears that it would be apropriate to increase the level eight to a level 12. And because of the findings that the Court has made, it appears further that there is a sound basis to increase that level ... an additional 12 levels, to a level 24, under 5K2.0.

We find no error in the court's decision. First, the district court properly assessed a four-level increase under § 1326(b)(1) for Mr. Valdez's 1986 conviction. Subsection (b)(1) provides for enhancement where "the defendant previously was deported after a conviction

for a felony, other than a felony involving violation of the immigration laws."[4]

Second, the district court correctly characterized § 5K2.0 as a discretionary rule enabling a sentencing court to depart from the Guidelines where special circumstances exist which have not been addressed by the Sentencing Commission. The Guidelines do not list or analyze specific circumstances; instead, the decision "as to whether and to what extent departure is warranted" is left to the sentencing court.

We review the district court's decision to depart from the Guidelines in three steps. *United States v. White*, 893 F.2d 276, 278 (10th Cir. 1990). First, we must determine whether the circumstances cited by the court are sufficiently unusual to warrant departure. Next, we search for some factual basis for the cited circumstances. Finally, we ascertain whether the district court's degree of departure was reasonable. *Id*.

Here, the district court concluded the unusual timing of Mr. Valdez's deportation and conviction qualified as a special circumstance, making a twelve-level enhancement appropriate under § 5K2.0. We have little difficulty reaching the same conclusion. Section 4A1.3(d) of the Guidelines explicitly permits upward departure under analogous circumstances.[5] Furthermore, Mr. Valdez does not dispute the facts relied upon by the

---

[4] In fact, under our recent holding in *United States v. Cabrera-Sosa*, 81 F.3d 998 (10th Cir.), *cert. denied*, 117 S.Ct. 218 (1996), Mr. Valdez's 1986 state felony drug conviction qualifies as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(2), making him eligible for a sixteen-level increase pursuant to that section.

[5] U.S.S.G. § 4A1.3 provides in part:

(continued...)

district court in justifying its departure. We consider the twelve-level enhancement reasonable; the Guidelines clearly anticipated a sixteen-level increase in Mr. Valdez's case.

Third, the district court calculated Mr. Valdez's sentence to fit within the statutory scheme. Assuming, as the district court did, that the 1994 offense could not serve as a trigger for enhancement under § 1326(b)(2), Mr. Valdez's 1986 felony conviction clearly rendered him in violation of § 1326(b)(1) which carries a maximum penalty of ten years imprisonment. The fifty-one month sentence imposed by the district court falls well below the one hundred-twenty month maximum sentence prescribed by the statute in its 1994 version or the sixty month maximum in its prior iteration. Accordingly, we see no basis to support Mr. Valdez's contention the district court committed error during the sentencing process.

Mr. Valdez's final argument, that the district court erred in admitting evidence of his June 1994 deportation hearing at trial, is meritless. Mr. Valdez has failed to demonstrate either fundamental unfairness in the deportation proceeding or lack of judicial

---

[5](...continued)
    <u>Adequacy of Criminal History Category</u> (Policy Statement)
    If reliable information indicates that the criminal history category does
    not adequately reflect the seriousness of the defendant's past criminal
    conduct ... the court may consider imposing a sentence departing from
    the ... Guideline range. Such information may include ...
        ....
    (d) whether the defendant was pending trial or sentencing on another
    charge at the time of the instant offense ....

review.  *See **United States v. Mendoza-Lopez***, 481 U.S. 828 (1987); ***United States v. Valdez***, 917 F.2d 466 (10th Cir. 1990).  His claim that the immigration judge's consideration of the still-pending 1994 conviction rendered his hearing fundamentally unfair disregards evidence that he was deportable on alternative, independent grounds. Furthermore, the district court found that Mr. Valdez made a knowing and intelligent decision to waive his right to appeal the deportation order; no evidence in the record suggests the contrary.

The judgment of the district court is **AFFIRMED**.