**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 7 1997**

**PATRICK FISHER**
**Clerk**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALFREDO ANAYA, a/k/a Alfredo
Anaya-Enriquez,

    Defendant-Appellant.

No. 96-8091

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**D.C. NO. 95-CR-97-1**

---

Turner A. Rouse, Orr, Buchhammer & Kehl, P.C., Cheyenne, Wyoming, for Defendant-Appellant.

David A. Kubichek, Assistant United States Attorney (David D. Freudenthal, United States Attorney, and John A. Masterson, Assistant United States Attorney, with him on the brief), Casper, Wyoming, for Plaintiff-Appellee.

---

Before **SEYMOUR,** Chief Judge, **PORFILIO** and **BALDOCK**, Circuit Judges.

---

**PORFILIO**, Circuit Judge.

---

In this appeal, defendant Alfredo Anaya-Enriquez argues that the district court erred by admitting evidence of his prior aggravated felony conviction at trial. We agree with Mr. Anaya-Enriquez but conclude that the district court's error was harmless and affirm.

In 1995, the government charged Mr. Anaya-Enriquez with illegal reentry into the United States after deportation following an aggravated felony conviction, a violation of 8 U.S.C. § 1326(b)(2). Mr. Anaya-Enriquez filed a motion in limine to keep the government from presenting evidence of his 1993 conviction for possession of a controlled substance with intent to deliver, offering to stipulate that he had previously pled nolo contendere to an aggravated felony. Mr. Anaya-Enriquez and the government also agreed to stipulate that his conviction was a sentence enhancer rather than an element of the § 1326 offense, but the district court disagreed and held that the conviction had to be proven at trial. A jury ultimately convicted Mr. Anaya-Enriquez of the § 1326(b) charge, resulting in a sentence of 77 months' imprisonment.

On appeal, the government agrees with Mr. Anaya-Enriquez's contention that the district court erred in admitting evidence of his prior aggravated felony conviction at trial. Even absent the parties' agreement on this point, however, our decision in *United States v. Valdez*, 103 F.3d 95 (10th Cir. 1996), requires us to conclude that the district court's admission of Mr. Anaya-Enriquez's aggravated felony conviction at trial was erroneous.[1]

---

[1]*Valdez* was not decided until after the district court's determination in this case.

In *Valdez*, we determined that § 1326(b) is a sentence enhancement provision, rather than an element of the underlying offense. *Id.* at 98. As a result, evidence of Mr. Anaya-Enriquez's prior conviction was not relevant to the issues adjudicated at trial and should not have been admitted for the jury's consideration. *See* Fed. R. Evid. 401.

Our conclusion that the district court erred in admitting Mr. Anaya-Enriquez's prior aggravated felony conviction at trial does not end our analysis, however, because "error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties." *K-B Trkg. Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1156 (10th Cir. 1985). *See also United States v. Arutunoff*, 1 F.3d 1112, 1118 (10th Cir. 1993) ("A nonconstitutional error is harmless unless it had a substantial influence on the jury's verdict in the context of the entire case, or leaves one in grave doubt whether it had such an effect."). The party asserting error has the burden of demonstrating that his or her substantial rights were affected. *K-B Trkg. Co.*, 763 F.2d at 1156. Because Mr. Anaya-Enriquez has failed to demonstrate how the admission of his prior felony conviction at trial affected his substantial rights, we hold that the district court's error in this case was harmless.

To obtain a conviction under 8 U.S.C. § 1326 for illegal reentry after deportation, the government must prove the defendant: (1) is an alien; (2) was previously arrested and deported; (3) was thereafter found in the United States; and (4) lacked the permission of the Attorney General. *United States v. Meraz-Valeta*, 26 F.3d 992, 997 (10th Cir. 1994).

At trial, the only contested issue was Mr. Anaya-Enriquez's previous deportation. On this point, the government introduced into evidence an executed Warrant of Deportation and the testimony of two immigration officers who had signed the Warrant, attesting to Mr. Anaya-Enriquez's deportation. Although the testifying officers could not remember Mr. Anaya-Enriquez personally, they recounted the procedures used in deporting aliens and stated that no Warrant of Deportation was signed until after the alien had actually been deported. Mr. Anaya-Enriquez presented no evidence on this or any other issue at trial and stipulated that the thumbprint on the executed Warrant of Deportation was his. Under these circumstances, we can only conclude that the evidence of Mr. Anaya-Enriquez's guilt on the § 1326 charge was overwhelming and that the erroneous admission of his prior felony conviction at trial had no affect on his substantial rights. *See United States v. Sloan*, 65 F.3d 861, 865 (10th Cir. 1995) ("Where the evidence against a defendant is overwhelming, any error in mentioning a defendant's criminal record is harmless.").

Mr. Anaya-Enriquez's reliance on *Old Chief v. United States*, 117 S.Ct. 644 (1997), *United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1995), *modified* (1996), and *United States v. Parker*, 604 F.2d 1327 (10th Cir. 1979), *abrogated in part on other grounds by United States v. Pennon*, 816 F.2d 527 (10th Cir. 1987), to argue that the district court's error was prejudicial is unavailing. In *Old Chief*, the Supreme Court explicitly refrained from expressing its opinion on whether the district court's erroneous

admission of evidence regarding a defendant's prior conviction was harmless error, *see Old Chief*, 117 S.Ct. at 656, n.11, while in *Wacker*, we held that an identical evidentiary error was indeed harmless. *See Wacker*, 72 F.3d at 1473-74. Thus, neither *Old Chief* nor *Wacker* supports Mr. Anaya-Enriquez's claim that the district court's error in this case entitles him to a new trial. Mr. Anaya-Enriquez's reliance on *Parker* to suggest that a harmless error analysis does not apply in this case is equally misplaced given our more recent decisions reviewing a district court's evidentiary rulings for harmless error. *See, e.g., Wacker*, 72 F.3d at 1473; *Sloan*, 65 F.3d at 865; *Arutunoff*, 1 F.3d at 1118; *K-B Trkg. Co.*, 763 F.2d at 1156. Following these decisions, we conclude that the district court's erroneous admission of Mr. Anaya-Enriquez's prior felony conviction was harmless and accordingly **AFFIRM**.