F I L E D
**United States Court of Appeals
Tenth Circuit**

**MAR 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff–Appellee,

v.

JORGE SANTOS GUERRERO-LEON,

     Defendant-Appellant.

No. 98-4223
(D.C. No. 98-CR-106-W)
(Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Jorge Santos Guerrero-Leon was convicted after a jury trial of one count of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unlawfully reentering the United States after deportation in violation of 8 U.S.C. §1326 and sentenced to 90 months in prison. He appeals his conviction and sentence. His appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has moved for leave to withdraw as counsel. We grant leave to withdraw and dismiss the appeal.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he should so advise the court and request permission to withdraw. Counsel must in addition submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any points he chooses, and the appellate court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is, in fact, frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *See id.* at 744.

Mr. Guerrero was convicted after a one-day jury trial at which the government presented testimony from two witnesses, an official with the INS who had interviewed Mr. Guerrero after his arrest and an employee with the state criminal investigation who performs fingerprint identification. Following Mr. Guerrero's conviction, a presentence report was prepared, which listed his prior criminal convictions and calculated his criminal history at category IV and his total offense level at 24, for a sentencing range of 77 to 96 months imprisonment.

The district judge denied Mr. Guerrero's motion for a downward departure and sentenced him to 90 months.

In his *Anders* brief, counsel raises two possible points: (1) the insufficiency of the evidence to support the conviction and (2) the court's failure in sentencing to take into account the fact that Mr. Guerrero was a poor itinerant laborer who fled his homeland because of extreme poverty.

We turn first to the sufficiency of the evidence. "To obtain a conviction under 8 U.S.C. § 1326 for illegal reentry after deportation, the government must prove the defendant: (1) is an alien; (2) was previously arrested and deported; (3) was thereafter found in the United States; and (4) lacked the permission of the Attorney General." *United States v. Anaya*, 117 F.3d 447, 449 (10th Cir. 1997). We have carefully reviewed the trial transcript in this case and we conclude that it contains ample evidence to support all the elements of the offense. The INS officer who interviewed Mr. Guerrero after his arrest testified that Mr. Guerrero had admitted all of the elements, and they were also established independently through fingerprints and documentary evidence.

In addressing the propriety of Mr. Guerrero's sentence, we begin with Mr. Guerrero's pro se letter to this court asserting that the presentence report erred in calculating his criminal history level by improperly adding three points for a criminal proceeding that was dismissed. In support of this claim, Mr. Guerrero

has attached a copy of a state court criminal record charging Jorge Santos Guerrero with theft by receiving stolen property. The crime was apparently committed on December 27, 1988, Mr. Guerrero pled not guilty on April 3, 1989, and the charge was dismissed on August 28, 1989.

The only criminal disposition in 1989 listed in the presentence report is one for possession of stolen property. The presentence report shows that Mr. Guerrero was arrested on January 2, 1989, as a probation fugitive. A search incident to this arrest produced several thousand dollars worth of stolen property. It appears that at the time of this arrest Mr. Guerrero was a probation fugitive on a state drug charge for which he had received a prison sentence of 0-5 years, which had been stayed, and 18 months probation. The presentence report did not originally assign any criminal history points to this conviction. Upon Mr. Guerrero's arrest as a probation fugitive and the discovery of the stolen property in his possession, his probation was revoked and he was sent to prison on the earlier sentence of 0-5 years. At this point, the presentence report assigned three criminal history points. Even assuming that the dismissed state court theft charge was based on the same events that resulted in the revocation of Mr. Guerrero's probation, the three criminal history points were given not on the dismissed charge but on the sentence of imprisonment imposed on the earlier drug conviction after Mr. Guerrero was arrested as a probation fugitive and his prison

-4-

sentence reinstated.[1]

Finally, we consider the argument that the district court erred in denying Mr. Guerrero's request for a downward departure on the ground of his extreme poverty. We are without jurisdiction to review a sentencing court's refusal to depart downward unless "the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." *United States v. Castillo*, 140 F.3d 874, 887 (10th Cir. 1998). We cannot tell from the record we have whether the sentencing court here denied the requested departure on the basis of Mr. Guerrero's particular circumstances, a decision we are without jurisdiction to review, or whether the court concluded that extreme poverty cannot in any circumstances support a departure, a ruling that we may address on appeal.

Assuming the district court's decision is reviewable, we find no error. After Mr. Guerrero was sentenced, this court addressed a district court's decision to depart downward on the ground that the "[d]efendants were poor and desperate for money." *United States v. Dominguez-Carmona*, 166 F.3d 1052, 1058 (10th Cir. 1999). We held the district court's decision to depart erroneous, pointing out

---

[1] The transcript of the sentencing proceeding is not included in the record on appeal. We therefore cannot ascertain whether Mr. Guerrero raised this factual issue at sentencing and preserved it for appeal. As discussed in text, the material that we do have shows this claim to be without merit in any event.

that "[i]t is well established that socioeconomic status is 'not relevant in the determination of a sentence.'" *Id.* (quoting U.S.S.G. § 5H1.10).

After reviewing the entire proceedings, we conclude that the record establishes no non-frivolous ground for appeal. The appeal is therefore **DISMISSED** and counsel's motion to withdraw is **GRANTED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge