**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 11 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

LEONARDO SANTOS,

     Defendant - Appellant.

No. 99-4095
(D.C. No. 98-CR-122-S)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McWILLIAMS**, and **HENRY**, Circuit Judges.[**]

Defendant-Appellant Leonardo Santos appeals from his conviction of

armed bank robbery, 18 U.S.C. § 2113(a), and use of a firearm during a crime of

violence, 18 U.S.C. § 924(c). He was sentenced to consecutive 41 month and 60

month terms of imprisonment, followed by three years supervised release, and

ordered to pay restitution of $1,425. Mr. Santos argues that the trial court erred

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

in allowing the government to introduce evidence of the inconsistent statements of a government witness for purposes of impeachment. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

On January 13, 1998, the First Security Bank in Salt Lake City was robbed by two masked men. Both were armed and wore gloves, hooded sweatshirts, sunglasses, and either a bandana or mask over their faces. None of the bank employees were able to identify the robbers. After receiving approximately $1,400 in cash, the robbers left the building and escaped in a getaway car being driven by a third conspirator. A bystander observed the license plate of the vehicle and also noticed a "dye pack," which the bank employees had included with the money, explode in the car. The police traced the license plate to co-defendant Nathan Poole and four men were eventually charged with the robbery: Mr. Santos, Mr. Poole, Paul S. Aldana and Wyatt Willard.

At trial, the government called Aubrey Willey to testify. Ms. Willey was a friend of all four defendants and had been interviewed by Deputy Sheriff Brent Adamson and Detective John Sharp on January 14, the day after the bank robbery. According to Deputy Adamson, Ms. Willey told them that Santos, Willard and Aldana had come to her house on January 13 and showed her $200 in red dye-stained money which they were trying to clean. They were also trying to clean red dye off of their faces and hands. The police made a report of the matter and

charges were subsequently brought against all four defendants.

As a witness, Ms. Willey testified that the defendants were good friends, and she had seen Santos and Willard together on the day of the robbery, III R. at 6-8, but denied making any incriminating statements to the police. The prosecutor proposed calling Deputy Adamson to testify about the prior inconsistent statements as a means of impeaching Ms. Willey's credibility. Mr. Santos objected that such evidence would be highly prejudicial, and even with a limiting instruction, the jury would be unable to distinguish between use of the testimony solely for impeachment and use as substantive evidence. The district court overruled the objection, gave a limiting instruction, and allowed Deputy Adamson to testify about Ms. Willey's previous statements. Mr. Santos now appeals from this ruling.

We review a trial court's evidentiary rulings for an abuse of discretion. See United States v. Burch, 153 F.3d 1140, 1143 (10th Cir. 1998). However, in this case, we need not decide whether the trial court erred in allowing Deputy Adamson's testimony. Even if we assume that a mistake was made, "'error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties.'" United States v. Anaya, 117 F.3d 447, 448 (10th Cir. 1997) (citation omitted); see also Fed. R. Crim. P. 52(a); United States v. Arutunoff, 1 F.3d 1112, 1118 (10th Cir.1993) ("A nonconstitutional error is

harmless unless it had a substantial influence on the jury's verdict in the context of the entire case, or leaves one in grave doubt whether it had such an effect.").

The evidence against Mr. Santos was overwhelming. Co-defendant Paul Aldana testified that he was the getaway driver and Willard and Santos robbed the bank. He recounted the robbery in detail and specifically described how the defendants had all gone to Ms. Willey's house after the robbery and shown her the dye marked money. Co-defendant Nathan Poole testified that all four men were friends and were involved in robbing the bank. Finally, co-defendant Wyatt Willard testified that he was one of the two men who went in to rob the bank, although he refused to identify his co-robber.

Given the overwhelming evidence against Mr. Santos, particularly Paul Aldana's testimony, Deputy Adamson's testimony was harmless and did not have a substantial influence upon the jury's verdict. See United States v. Oberle, 136 F.3d 1414, 1418-19 (10th Cir. 1998) ("[E]ven if the court erred in allowing the statement, such error does not require reversal in light of the substantial evidence against [defendant] and the limiting instruction given to the jury in the final jury instructions."); see also United States v. Cass, 127 F.3d 1218, 1225 (10th Cir. 1997) ("[G]iven the wealth of evidence put forth by the prosecution, we believe the error was harmless."); United States v. Jefferson, 925 F.2d 1242, 1255 (10th Cir. 1991).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge