**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

PAMELA L. MEDLEY, also known as
Shelley Wallace, also known as
Roschelle Wallace, also known as
Ruth Gibbs,

      Defendant-Appellant.

No. 03-2026
(D.C. No. CR-01-43-MV)
(New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

      Pamela Medley was charged with five counts of wire fraud in violation of

18 U.S.C. § 1343; six counts of mail fraud in violation of 18 U.S.C. § 1341; one

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

count of making a false claim against the United States in violation of 18 U.S.C. § 287; seven counts of money laundering and aiding and abetting money laundering in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(I); two counts of impersonating a United States employee in violation of 18 U.S.C. § 912; one count of making a false statement in violation of 18 U.S.C. § 1001; and one count of false representation of a social security number in violation of 42 U.S.C. § 408(a)(7)(B). A jury found her guilty on all counts and the court sentenced her to seventy-eight months incarceration.

Ms. Medley's appointed counsel filed an appellate brief indicating Ms. Medley desires to raise nine issues on appeal. Counsel raised eight of the issues pursuant to *Anders v. California*, 386 U.S. 738 (1967), but contended the case should be remanded for resentencing on Issue VI because the court sentenced Ms. Medley under the wrong edition of the United States Sentencing Guidelines Manual. The government asserted that Ms. Medley's sentence would be equal to or greater under the proper version of the guidelines and that the error was therefore harmless. In reply, Ms. Medley's counsel acknowledged Issue VI was governed by *Anders* and moved to withdraw.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, she may advise the court and request permission to withdraw. Counsel must also submit to both the court and her client a brief

referring to anything in the record arguably supportive of the appeal. The client may then raise any point she chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, the court may then grant counsel's request to withdraw and dismiss the appeal. *See id.* at 744.

Ms. Medley's counsel has met the procedural requirements imposed by *Anders*. She sent a copy of her reply brief to Ms. Medley, who then filed a pro se brief in which she restated the nine numbered issues, including Issue VI, and attached several letters indicating her displeasure with her counsel. Having completely examined each issue raised by Ms. Medley, we deny counsel's motion to withdraw and remand the case to the district court for the reasons set forth below.

Ms. Medley first argues the district court abused its discretion by quashing pretrial document subpoenas the defense issued without court authorization. We review a district court's suppression of such subpoenas for an abuse of discretion. *See United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002). On December 7, 2001, Ms. Medley filed a motion under Federal Rule of Criminal Procedure 17(c), requesting production of investigative files from the Federal Emergency Management Agency (FEMA) and the Small Business Administration (SBA). Before the court ruled, counsel served the subpoenas. The government moved to

quash the subpoenas, claiming they were unauthorized attempts to circumvent the discovery rules. Ms. Medley then argued the subpoenas were actually Rule 17(a) witness subpoenas, not Rule 17(c) subpoenas. The district court quashed the subpoenas on the grounds that it never authorized them, Rule 17(a) does not address document subpoenas, and the subpoenas were attempts to circumvent the rules of discovery under Rule 16. Ms. Medley offers no discernible reason why the court abused its discretion in quashing the unauthorized subpoenas, and having reviewed the record, we can see none.

Although Issue II ostensibly concerns the district court's evidentiary rulings, Ms. Medley's brief focuses on the Sixth Amendment implications of the quashed subpoenas, providing an example of what she characterizes as a document the government intentionally withheld from the jury. Aplt. Pro Se Br. at 7-8. From her counsel's *Anders* brief, we learn Ms. Medley also disputes the district court's rulings admitting into evidence a letter from Ms. Medley to United States Senator Jeff Bingaman, several charts, testimony regarding telephone calls and documents, and identification of defendant from surveillance camera images.

We review the district court's evidentiary rulings for abuse of discretion. *See Abuan v. Level 3 Communications, Inc.*, 353 F.3d 1158, 1171 (10th Cir. 2003). Even if the court erred by admitting evidence, the harmless error doctrine forbids us from disturbing the court's rulings unless the error substantially

-4-

influenced the jury's verdict.  *See United States v. Anaya*, 117 F.3d 447, 448 (10th Cir. 1997).  Ms. Medley bears the burden of demonstrating her substantial rights were affected.  *See id.* at 448-49.  She has not demonstrated the district court erred in any evidentiary rulings, much less how such rulings harmed her substantial rights.

Ms. Medley next contends the evidence was insufficient to convict her.  To determine whether evidence is sufficient to uphold a conviction, "we examine, in the light most favorable to the government, all of the evidence together with the reasonable inferences to be drawn therefrom and ask whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Arutunoff*, 1 F.3d 1112, 1116 (10th Cir. 1993).  The evidence was overwhelming that Ms. Medley committed a complex and far-reaching fraud founded on a veritable mountain of forged and false documents.  She claims the government withheld for several months what she describes as exculpatory evidence, but she does not give any reasons why any rational juror could have found her not guilty when presented with evidence that she repeatedly used a dead woman's name and identity; filled out documents under a false name and social security number; filed a claim for reimbursement for a property in which she never lived; made materially false statements about her residency, losses in a fire, and employment; and impersonated not only a FEMA official but an Assistant

United States Attorney.

Ms. Medley also asserts the government improperly shifted the burden of proof in its closing argument. We review for plain error allegedly improper comments made in closing arguments if counsel did not object contemporaneously. *See United States v. Hernandez*, 327 F.3d 1110, 1114 (10th Cir. 2003). If Ms. Medley can show plain error affecting her substantial rights, we have the discretion to correct it if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Ms. Medley's ill-founded and unsupported contentions have not met this "rather stringent test." *Id.* Defense counsel intimated in her opening statement that the evidence would show Ms. Medley had been engaged in an affair with Mr. Van Buren, the landlord of a residence lost in the fire. *See id.* at 348-49. The defense neither introduced any evidence of this affair nor rebutted Mr. Van Buren's testimony that he had never even met Ms. Medley. *See* tr. at 861-64. In closing, the prosecutor reminded the jury of its duty to base its decision on the evidence and that counsel's opening statements were not evidence. The prosecutor was careful to make clear to the jury that "the defendant ha[d] no obligation whatsoever to produce any evidence at all. None." *Id.* at 1274-75. On this record, the prosecutor was well within the limits of permissible argument and clearly did not shift the burden to defendant. *See*

-6-

*United States v. Simpson*, 7 F.3d 186, 190 (10th Cir. 1993) (collecting cases upholding prosecutorial comment on lack of evidence supporting defendants' theories); *United States v. Prichard*, 645 F.2d 854, 858 (10th Cir. 1981) (defense counsel's opening argument invited prosecutor's response that defense had not proved what it said it would).

Ms. Medley also raises a number of sentencing issues, the most significant of which is her contention that her sentence violated her Sixth Amendment right to a jury trial because the district court found three facts, by a preponderance of the evidence, that increased her sentence. She specifically contends the court unconstitutionally increased her sentence under the guidelines when it found: (1) the intended-loss figure exceeded $400,000 when the highest intended-loss number the government introduced at trial was $329,617; (2) her criminal history category was III by relying on considerable uncharged criminal conduct; and (3) she obstructed justice by lying to pretrial services. Ms. Medley raised a challenge in the district court based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), regarding her first two arguments.

In *Blakely v. Washington*, 124 S. Ct. 2531 (2004), the Court applied the rule of *Apprendi* to Washington state's determinate sentencing scheme. In holding Washington's sentencing scheme unconstitutional, the Court reiterated that the Sixth Amendment requires any fact, other than a prior conviction, that

increases the penalty for a crime beyond the prescribed statutory maximum be admitted by the defendant or found by a jury beyond a reasonable doubt. *Id.* at 2536-37. In *United States v. Booker*, 125 S. Ct. 738 (2005), the Court held the Sixth Amendment requirement that a jury find certain sentencing facts to be incompatible with the Federal Sentencing Act, thus requiring severance of the Act's provisions making the federal sentencing guidelines mandatory. *Id.* at 756-57, 765. To cure the constitutional problem, the Court made the guidelines advisory. *Id.* at 757.

Because Ms. Medley raised *Apprendi* when she was sentenced, rec., vol. 15, at 73-74, we review for harmless error her Sixth Amendment claims regarding intended loss and uncharged conduct. Federal Rule of Criminal Procedure 52(a) counsels federal courts to disregard "[a]ny error, defect, irregularity, or variance that does not affect substantial rights." FED. R. CRIM. P. 52(a). "In the context of a misapplication of the guidelines under 18 U.S.C. § 3742(f)(1), the Supreme Court held that 'once the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed.'" *United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)). The burden is on

the government to establish harmlessness, and it has not attempted to do so. Accordingly, Ms. Medley is entitled to be resentenced pursuant to *Booker*.[1]  *See United States v. Lang*, No. 04-4165, 2005 WL 834669, at *4 (10th Cir. Apr. 12, 2005).

Having carefully examined the entire proceedings as required by *Anders,* we cannot agree with counsel that no non-frivolous grounds for appeal appear on this record.  We therefore **DENY** counsel's request to withdraw, affirm the conviction, and **REMAND** the case to the district court with directions to vacate Ms. Medley's sentence and to resentence her in light of *Booker*.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[1]Given that we must remand for resentencing in any event, we need not address any of the other sentencing issues Ms. Medley raises.  *See United States v. Cano-Silva*, Nos. 03-4059, 03-4108, 2005 WL 698983, at *6 (10th Cir. Mar. 28, 2005) (reversing one issue and remanding for resentencing pursuant to *Booker* without addressing other asserted error).