**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAMON ENRIQUE CRUZ, also
known as Santiago Avila-Gamez, also
known as George Ortiz, also known as
Enrique Ortiz, also known as Jorge
Ortiz,

Defendant-Appellant.

No. 05-4280

District of Utah

(D.C. No. 2:04-CR-669 TS)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

Mr. Ramon Enrique Cruz was charged with illegal re-entry of a deported

alien under 8 U.S.C. § 1326. He appeals his conviction on two grounds: alleged

errors in jury instruction No. 19 and admission of testimony by an expert witness

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

made during his trial.  We have jurisdiction under 28 U.S.C. § 1291, and we

**AFFIRM**.

### I.  Factual and Procedural Background

Mr. Cruz was arrested for entering the United States after he had been illegally deported.  On September 29, 2004, he was charged with illegal re-entry of a deported alien under 8 U.S.C. § 1326.  The indictment charged, "[o]n or about September 8, 2004, . . . Ramon Enrique Cruz, . . . an alien who on or about June 14, 2000, was excluded, removed and deported from the United States, was knowingly present and found in the United States." R. Doc. 1 at 1-2.

Both parties submitted proposed stipulated jury instructions.  Mr. Cruz proposed the final paragraph of Jury Instruction No. 5, which set forth the second element of the offence as follows: "[t]he indictment charges that the defendant was removed and deported on or about June 14, 2000 . . . You must be unanimous in your decision that the defendant was removed or deported on or about that date."  Appellant's Br. at 19. On July 13, 2005, the government filed a Motion to Strike Surplusage and Amend Jury Instructions or Alternatively Amend Jury Instructions alone.  The government requested that an amendment to the indictment, striking the phrase "on or about June 14, 2000" and replacing it with the word "previously." Appellant's Br. at 8.  The government also requested that the court amend Instruction No. 5 by striking the final paragraph and adding, "If you find that the defendant was deported from the United States at any time prior

to September 8, 2004, the element is met." Appellant's Br. at 9.  Mr. Cruz objected to this proposed amendment.

The district court granted the government's motion in part and denied it in part.  The court denied the government's proposed changes to the indictment. The court amended the disputed jury instruction to read: "If you find that the defendant was deported from the United States at any time prior to September 8, 2004, the element is met." R. Doc. 43 at 2. This instruction was renumbered as No. 19.

During trial, the government's expert witness, Barbara Crane, who performed the fingerprint identification for the Utah Bureau of Criminal Identification ("BCI"), testified that she had matched Mr. Cruz's fingerprints with a number of critical deportation records.  The training by the FBI requires at least ten points of congruency to establish a fingerprint identification match.  The training that Ms. Crane received from BCI requires at least seven or eight points of congruency to make a fingerprint match.  On one of the deportation records, the Warrant of Deportation of June 14, 2000, the fingerprint identification match was made with seven points of congruency.  The fingerprint identification matches with regard to the Administrative Removal Order of September 10, 1999, and the Record of Sworn Statement from September 8, 2004, were made with eight points of congruency.

Mr. Cruz was found guilty and sentenced to 21 months in prison.

Mr. Cruz appeals the following two issues: (1) that the trial court erred when it changed the jury instructions to read, "defendant was deported at any time prior to September 8, 2004" rather than, "defendant was excluded from the United States on or about June 14, 2000;" and (2) the trial court erred in permitting the government's fingerprint expert to testify that the fingerprints matched when fewer points of congruence were used than required by the FBI.

## II. Jury Instructions

Mr. Cruz argues that the Fifth and Sixth Amendment were violated by the modified jury instruction No. 19. He contends that the Fifth Amendment was violated because the court expanded the offense that was charged in the indictment by changing the date of removal from "on or about June 14, 2000" to "any time prior to September 8, 2004." Appellant's Br. 14. According to Mr. Cruz, the change in the jury instructions "expanded the material element of the date [he] was removed and deported," because the indictment charges Mr. Cruz with a different date than the jury instructions. Appellant's Br. 16. He also contends that the Sixth Amendment was violated because he did not have notice of the charges against him.

In order to establish a constitutional violation, Mr. Cruz must show that the jury instructions were a constructive amendment to the indictment because they "modify an essential element of the [charged] offense or raise the possibility the defendant was convicted of an offense other than that charged in the indictment."

-4-

*United States v. Hien Van Tieu*, 279 F.3d 917, 921 (10th Cir. 2002).  We find that Mr. Cruz failed to show that the exact date of deportation is an essential element of the crime.  An alien is guilty of an illegal reentry if he "has been . . . deported . . . and thereafter . . . is at any time found in, the United States."  8 U.S.C. § 1326(a).  To prove an unlawful entry, the government therefore must prove that the defendant is (1) an alien, (2) who was previously deported, (3) was thereafter found in the United States, and (4) did not have permission from the Attorney General to re-enter.  *United States v. Anaya*, 117 F.3d 447, 449 (10th Cir. 1997).  The language of 8 U.S.C. § 1326(a) requires only that the defendant have been found at any time in the United States after being deported.  Mr. Cruz cites no authority to support his contention that the date of the deportation is essential to the offense, and we see no reason to depart from the text of the statute.  We affirm the district court on this issue.

### III.  Expert Testimony

Mr. Cruz argues Ms. Crane's fingerprint identification evidence was not reliable, and therefore should not have been admitted.   Mr. Cruz failed to object to Ms. Crane's testimony at trial.  The issue is therefore reviewed for plain error.  *See United States v. Thody*, 978 F.2d 625, 631 (10th Cir. 1992).  Reversal is warranted if there is (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the "fairness, integrity or public reputation of judicial proceedings."  *United States v. Olano*, 507 U.S. 725, 732 (1993).

According to Fed. R. Evid. 702, "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Mr. Cruz argues that because Ms. Crane followed BCI standards of matching only seven points of congruency rather than the FBI standard of matching at least ten points, the evidence is not reliable. He also argues that BCI has failed to publish any documentation or do any scientific research that seven or eight points are sufficient to make a fingerprint match.

Ms. Crane stated on direct examination that she has been doing fingerprint identification for 24 years, has compared 3,336,000 separate impressions, and has never incorrectly identified a fingerprint match. During trial, the critical exhibits 15-C and 4-A, showing the Warrant of Deportation of June 14, 2000, and Fingerprint Card of September 17, 2004, displayed the fingerprint identification being made with seven points of congruence. However, Ms. Crane stated that there were three more points of congruence that were not listed on the chart, making in total, ten points of congruence, meeting the FBI standard. In light of Ms. Cranes qualifications and her testimony that there were at least ten points of congruence, the admission of her testimony was not plain error.

## IV. Conclusion

The judgment of the United States District Court for the District of Utah is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge