**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco AGUSTINO–HERNANDEZ, Defendant–Appellant.**

**No. 93–2231**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Feb. 15, 1994.

Ann Poe Mitchell, Cape Coral, FL, for defendant-appellant.

Robert W. Genzman, U.S. Atty., Ft. Myers, FL, for plaintiff-appellee.

Before TJOFLAT, Chief Judge, KRAVITCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Francisco Agustino–Hernandez appeals his conviction and sentence for illegal re-entry into the United States as a previously deported convicted felon, in violation of 8 U.S.C. § 1326. Because we find no merit to appellant's argument on appeal, we AFFIRM.

Appellant was deported from the United States on November 28, 1990, and again on March 6, 1992, pursuant to warrants of deportation issued by the Immigration and Naturalization Service ("I.N.S."). On April 2, 1992, a Border Patrol Agent spotted appellant at the Immokalee Stockade in Florida, an encounter which led to appellant's indictment for illegal re-entry into the United States and subsequent conviction.

Appellant's sole argument on appeal is that the district court erred in admitting into evidence portions of appellant's I.N.S. "A-file." At trial, I.N.S. Agent Mike Lewis testified that he was the custodian of appellant's "A-file," a compendium of documents which tracks an alien's status. Over appellant's objections, the Government then introduced portions of appellant's "A-file," including warrants of deportation, an order to show cause and an I.N.S. I–194 form. On direct examination, Agent Lewis pointed out a thumbprint on the warrant of deportation which subsequent testimony established to be that of appellant. Lewis also testified that the I–194 form indicated that appellant had been warned previously of the penalties for re-entry.

The Government argues that these documents were admissible, pursuant to the "public records" exception to the hearsay rule. Fed.R.Evid. 803(8)(B).[1] Appellant argues that Rule 803(8)(B) is inapplicable because the documents contain observations of law enforcement officers in a criminal case, and therefore come within the law enforcement exception to the rule.

We hold that admission of routinely and mechanically kept I.N.S. records, such as the I–194 form and warrants of deportation, does not violate Rule 803(8)(B). In so holding, we join the Fifth and Ninth Circuits. *See United States v. Quezada,* 754 F.2d 1190, 1193 (5th Cir.1985) (admission of warrant of de-

portation did not violate Rule 803(8)(B)); *United States v. Hernandez–Rojas,* 617 F.2d 533, 535 (9th Cir.) (notations on warrant of deportation did not violate 803(8)(B)), *cert. denied,* 449 U.S. 864, 101 S.Ct. 170, 66 L.Ed.2d 81 (1980).

Moreover, this court has recognized that the public records exception does not exclude police records "prepared in a routine non-adversarial setting," as it does "those resulting from a more subjective investigation and evaluation of a crime." *United States v. Brown,* 9 F.3d 907, 911 (11th Cir.1993) (per curiam) (holding that admission of regularly kept property receipts did not violate Rule 803(8)(B)). Where, as here, the admitted records were prepared long before the alleged offense and relied on in daily I.N.S. operations, there are no hearsay concerns, for the "custodian ... had no incentive to do anything other than mechanically record the relevant information." *Brown,* 9 F.3d at 912.

Accordingly, we find no error in the admission at trial of appellant's "A-file," and therefore **AFFIRM.**

---

1. Rule 803(8)(B) provides an exception to the hearsay rule for:

    Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by ... law enforcement personnel.