**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 15 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE ALFREDO LANDEROS-
MENDEZ,

Defendant-Appellant.

No. 99-8018

Appeal from the United States District Court
for the District of Wyoming
(D.C. No. 98-CR-115-D)

Joseph D. Richter, Casper, Wyoming, for Appellant.

Lisa E. Leschuck, Assistant United States Attorney, Cheyenne, Wyoming, (David
D. Freudenthal, United States Attorney, District of Wyoming, with her on the
brief), for Appellee.

Before **KELLY, MURPHY,** Circuit Judges**,** and **COOK,**[*] Senior District Judge.

**MURPHY**, Circuit Judge.

---

[*]Honorable H. Dale Cook, Senior District Judge, United States District
Court for the Northern District of Oklahoma, sitting by designation.

## I. INTRODUCTION

Defendant-Appellant Jose Alfredo Landeros-Mendez appeals his conviction on one count of illegal reentry by an alien previously deported or removed[1] and one count of unlawful firearm possession. *See* 8 U.S.C. § 1326(a), (b)(2); 18 U.S.C. § 922(g)(5). Landeros-Mendez argues that the United States presented insufficient evidence to support his illegal reentry conviction because it did not introduce an order of deportation or removal ("order of deportation or removal" or "order"). The United States is not required to introduce an order of deportation or removal to satisfy its burden of proof to support a conviction under 8 U.S.C. § 1326(a). The United States introduced sufficient evidence to

---

[1] In 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). *See* Pub. L. No. 104-208, 110 Stat. 3009, 3009-546 (1996). IIRIRA made comprehensive changes to the Immigration and Nationality Act (INA), including changes in immigration terminology. Previously, individuals who were ineligible for admission to the United States were referred to as "excludable," while those who had gained admission were referred to as "deportable." *See* 8 U.S.C. §§ 1182, 1251 (1994). Excludable aliens are now referred to as "inadmissible" aliens. *See* 8 U.S.C. § 1182. Additionally, the amended INA now uses the term "removal proceedings" to refer to the proceedings applicable to both inadmissable and deportable aliens. *See* 8 U.S.C. § 1229a. Because it is not clear from the record which version of the INA applied to Landeros-Mendez when he was in Immigration and Naturalization Service (INS) custody, the phrase "deportation or removal" will be used in this opinion to refer to the INS proceedings and documents applicable at the time. Additionally, this opinion will refer to an individual's physical departure from the United States at the behest of INS agents as "expulsion."

sustain Landeros-Mendez's convictions. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

II. FACTS AND PROCEDURAL HISTORY

On May 5, 1998, Landeros-Mendez was arrested in Casper, Wyoming for carrying a concealed weapon. It was subsequently discovered that Landeros-Mendez had been previously deported or removed from the United States and that he had not received permission from the Attorney General to reenter the country. He was therefore indicted on two counts. Count one charged Landeros-Mendez with being an alien who had been deported or removed and had reentered the United States without the permission of the Attorney General. *See* 8 U.S.C. § 1326(a)(1), (b)(2). Count two charged him with being an alien unlawfully present in the United States in possession of a firearm. *See* 18 U.S.C. § 922(g)(5).

At the ensuing jury trial, Jeffrey Taylor, a detention enforcement officer with the Immigration and Naturalization Service (INS), testified about the procedures followed by INS officers when they physically expel a person from the United States. He testified that after an order of deportation or removal is issued and signed by an immigration judge, a warrant of deportation or removal is prepared. The warrant of deportation or removal includes the name, file

number, fingerprint, and photograph of the individual who is to be physically expelled, as well as the statutory authority for the expulsion.

The warrant of deportation or removal issued for Landeros-Mendez in 1997 ("the Warrant") was admitted into evidence at his trial. Officer Taylor testified that he had signed the Warrant because he had taken Landeros-Mendez's fingerprint for that document. Landeros-Mendez stipulated that the fingerprint on the Warrant was his. Santiago Valle, another INS detention enforcement officer, also identified his and another officer's signature on the Warrant, which he and the fellow officer had signed to verify that they had witnessed Landeros-Mendez's physical expulsion from the United States at the Mexican border in July 1997. Officer Taylor and Officer Valle testified that an alien cannot be physically expelled unless an order of deportation or removal has been issued. Landeros-Mendez's own attorney read from a section of the Warrant which stated that Landeros-Mendez was "subject to removal or deportation from the United States, based upon a final order by," and a box had been checked next to the phrase "an immigration judge in exclusion, deportation, or removal proceedings."

At the close of the evidence, Landeros-Mendez moved for a judgment of acquittal. *See* Fed. R. Crim. P. 29(a). Although conceding the evidence showed he had been physically expelled, Landeros-Mendez argued that because the government had not introduced an order of deportation or removal, there was

insufficient evidence from which a reasonable jury could find that he had been the subject of legal deportation or removal proceedings. The motion was denied, and the jury returned a verdict of guilty on both counts. Landeros-Mendez then filed a renewed motion for acquittal on the same basis, and this motion was also denied. *See* Fed. R. Crim. P. 29(c). He was sentenced to 115 months imprisonment and $2,200 in fines and assessments.

## III. ANALYSIS

### A. Standard of Review

Landeros-Mendez argues that the government presented insufficient evidence to support his convictions. In reviewing the sufficiency of the evidence to support a conviction, this court reviews the record *de novo. See United States v. Wilson,* 107 F.3d 774, 778 (10th Cir. 1997). The evidence must be viewed in the light most favorable to the government, and this court must determine whether there was direct and circumstantial evidence from which a reasonable jury could find the defendant guilty beyond a reasonable doubt. *See id*.

### B. Illegal Reentry after Deportation or Removal

Landeros-Mendez was convicted for violating 8 U.S.C. § 1326(a), (b)(2), which provide:

> (a) . . . Subject to subsection (b) of this section, any alien who--
>  (1) has been denied admission, excluded, deported, or removed . . . and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless . . . the Attorney General has expressly consented to such alien's reapplying for admission . . .
shall be fined under Title 18, or imprisoned not more than 2 years, or both.

(b) . . . Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection . . .
(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both. . . .

Landeros-Mendez challenges the sufficiency of the evidence only with respect to the "deported or removed" element in 8 U.S.C. § 1326(a)(1). He concedes that the government proved he was physically expelled from the United States.[2] He nevertheless argues that because the government did not introduce an order of deportation or removal, it failed to prove he had previously been the subject of legal deportation or removal proceedings.[3]

---

[2]The government and Landeros-Mendez both agree that the government must show that Landeros-Mendez was the subject of deportation or removal proceedings to satisfy the government's burden of proof under 8 U.S.C. § 1326(a)(1). This court will therefore assume for purposes of this appeal that the government must demonstrate that Landeros-Mendez was the subject of such proceedings. Because the United States does not argue that physical expulsion by the INS would be sufficient to satisfy the "deported or removed" element, this court does not address that issue.

[3]Landeros-Mendez does not attack the *validity* of the underlying deportation or removal proceedings, i.e. that the deportation or removal proceedings improperly denied him the opportunity for judicial review and the entry of the deportation or removal order was fundamentally unfair. *See* 8 U.S.C. § 1326(d). Rather, he simply argues the government is obligated to prove these proceedings

Based on the evidence presented at trial, a reasonable jury could have concluded that Landeros-Mendez had previously been the subject of deportation or removal proceedings resulting in an order of deportation or removal. The Warrant, which was admitted into evidence, contained a photograph of Landeros-Mendez, his fingerprint, and the signatures of the INS agent who fingerprinted him and the two INS agents who witnessed his physical expulsion from the United States. Two INS agents testified that a warrant of deportation or removal is prepared *after* an order of deportation or removal is issued and signed by an immigration judge and that they cannot physically expel an alien unless an order of deportation or removal has been issued. In addition, the Warrant cited the statutory authority under which Landeros-Mendez was to be physically expelled, and his own attorney read directly from a section of the Warrant wherein it stated that Landeros-Mendez's expulsion was based upon a final order by "an immigration judge in exclusion, deportation, or removal proceedings."

Relevant case law also supports the conclusion that the government need not introduce an order of deportation or removal to establish a violation of 8 U.S.C. § 1326(a). *See United States v. Anaya*, 117 F.3d 447, 448-49 (10th Cir. 1997). Although not clearly distinguishing between deportation or removal proceedings and physical expulsion, the court described the warrant of

took place, a burden, he further argues, it has failed to meet.

-7-

deportation or removal, together with testimony from INS officers who had expelled the defendant, as "overwhelming" evidence of defendant's guilt under 8 U.S.C. § 1326. *See id.; see also United States v. Quezada*, 754 F.2d 1190, 1193-95 (5th Cir. 1985) (warrant of deportation admissible and sufficient to satisfy the arrest requirement of the then-applicable version of § 1326)[4]; *cf. United States v. Agustino-Hernandez*, 14 F.3d 42, 43 (11th Cir. 1994) (warrant of deportation properly admitted under Fed. R. Evid. 803(8)(B) and no mention made of order). This court therefore concludes there was sufficient evidence from which a reasonable jury could find that Landeros-Mendez was previously deported or removed under 8 U.S.C. § 1326(a)(1).[5]

IV. CONCLUSION

---

[4]Section 1326(a)(1) was amended by IIRIRA. *See* Pub. L. No. 104-208, 110 Stat. 3009, 3009-618 (1996). Pursuant to this amendment, the phrase "arrested and deported or excluded and deported" was replaced with "denied admission, excluded, deported, or removed." *Id.*

[5]Landeros-Mendez also appeals his conviction under 18 U.S.C. § 922(g)(5), which provides that it is unlawful for any alien illegally or unlawfully present in the United States to possess or receive a firearm which has been transported in interstate commerce. Landeros-Mendez admits he possessed a firearm when he was arrested. He simply asserts, without citation to authority, that if there was insufficient evidence to support his illegal reentry conviction under 8 U.S.C. § 1326(a)(1), then he could not have been an alien illegally or unlawfully present in the United States when he was arrested for possessing a firearm. Because Landeros-Mendez's sole argument for reversal of his § 922(g)(5) conviction relies on an anticipated reversal of his § 1326(a)(1) conviction, this court's affirmance of the § 1326(a)(1) conviction defeats Landeros-Mendez's § 922(g)(5) argument and this court does not address the merits of his assertion.

For the reasons stated above, this court concludes there was sufficient evidence to support Landeros-Mendez's convictions, and **affirms**.