**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-5185**

---

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

TOMAS FERNANDEZ-GOMEZ, a/k/a Tomas Fernandes, a/k/a Oscar
Perez, a/k/a Tomas Fernadezo Gomez, a/k/a Thomas Fernandez,
a/k/a Fidel Antonio Fernandez Gomez, a/k/a Tomas Gomez,
a/k/a Tomas Fernandez, a/k/a Pachecho Tomas Hernandez, a/k/a
Fidel Antonio Fernandez,

               Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:08-cr-00357-CMH-1)

---

Submitted:  July 29, 2009        Decided:  August 17, 2009

---

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Michael S. Nachmanoff, Federal Public Defender, Richard H.
McWilliams, Assistant Federal Public Defender, Alexandria,
Virginia, for Appellant.  Dana J. Boente, Acting United States
Attorney, Kristin A. Taylor, Special Assistant United States
Attorney, Gene Rossi, Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tomas Fernandez-Gomez was found guilty, following a jury trial, of illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a) (2006). The district court sentenced him to time served, followed by two years of supervised release. Fernandez-Gomez now appeals.

Fernandez-Gomez's sole claim on appeal is that the district court erred in admitting two warrants of deportation into evidence. He argues that the warrants were admitted in violation of his rights under the Confrontation Clause of the Sixth Amendment. He also argues that the warrants contain the observations of law enforcement officers and thus cannot be admitted pursuant to Fed. R. Evid. 803(8)(B).

We review evidentiary rulings implicating the Confrontation Clause de novo. United States v. Abu Ali, 528 F.3d 210, 253 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). In Crawford v. Washington, 541 U.S. 36, 53-54 (2004), the Supreme Court interpreted the Confrontation Clause as barring "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." "As Crawford and later Supreme Court cases make clear, a statement must be 'testimonial' to be excludable under the Confrontation Clause." United States v. Udeozor, 515 F.3d

260, 268 (4th Cir. 2008) (citing Davis v. Washington, 547 U.S. 813 (2006)). After reviewing the warrants of deportation in this case, we find that they are nontestimonial and are therefore not subject to the requirements of the Confrontation Clause. See United States v. Burgos, 539 F.3d 641, 645 (7th Cir. 2008) (collecting cases). We further find that the district court did not abuse its discretion in admitting the warrants pursuant to Fed. R. Evid. 803(8)(B). Rule 803(8)(B) creates an exception to the hearsay rule for public records and reports setting forth "matters observed pursuant to a duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel." Fed. R. Evid. 803(8)(B).

We find that the warrants of deportation in this case consisted of a "routine, objective, cataloging of [] unambiguous factual matter[s]." United States v. Bahena-Cardenas, 411 F.3d 1067, 1074-75 (9th Cir. 2005). Additionally, the warrants and the notations on the back pages have "none of the features of the subjective report made by a law enforcement official in an on-the-scene investigation, which investigative reports lack sufficient guarantees of trustworthiness because they are made in an adversary setting and likely to be used in litigation." United States v. Hernandez-Rojas, 617 F.2d 533, 535 (9th Cir.

3

1980) (holding exception set forth in Rule 803(8)(B) was inapplicable to warrant of deportation where notation that alien was deported was "ministerial, objective observation [with] inherent reliability because of the Government's need to keep accurate records of the movement of aliens"); see also United States v. Agustino-Hernandez, 14 F.3d 42, 43 (11th Cir. 1994) (holding that the admission of "routinely and mechanically kept I.N.S. records," such as a warrant of deportation, does not violate Rule 803(8)(B)).

Accordingly, we conclude that the district court did not err in admitting the warrants of deportation into evidence. We therefore affirm Fernandez-Gomez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED