**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jose Luis VILLARREAL–MARTINEZ,**
**Defendant–Appellant.**

**No. 09–40791**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 18, 2010.

published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ.

R. 47.5.4.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Assistant Federal Public Defender, Sarah Beth Landau, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM: *

Jose Luis Villarreal–Martinez (Villarreal) was convicted of illegal reentry in violation of 8 U.S.C. § 1326(a). Villarreal challenges the admission of a certificate of nonexistence of record (CNR).

At trial, a CNR was admitted without objection, certifying that a Department of Homeland Security employee had searched the immigration records databases but found no record indicating that Villarreal had received permission to reenter the United States. The employee who prepared the CNR did not testify. Villarreal contends that the district court committed reversible plain error by admitting the CNR without the opportunity for confrontation.

Because Villarreal did not object to the admission of the CNR in the district court, this issue is reviewed for plain error. *See United States v. Martinez–Rios,* 595 F.3d 581, 584 (5th Cir.2010). To show plain error, the defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* —— U.S. ——, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009). If the defendant makes such a showing, this court has the discretion to correct the error but only if it " 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *Id.* (quoting *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

We recently held that, under *Melendez–Diaz v. Massachusetts,* —— U.S. ——, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), a CNR in a § 1326 case is a testimonial statement and that admission of a CNR without also providing the testimony of the officer who prepared the CNR violates the Confrontation Clause of the Sixth Amendment. *Martinez–Rios,* 595 F.3d at 586. However, we also held that admission of the CNR did not affect the defendant's substantial rights because "even if the CNR was not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

entered into evidence, there was no reasonable probability that Martinez–Rios would have been acquitted." *Id.* at 587.

In this case, as in *Martinez–Rios,* there was ample evidence, other than the CNR, to establish that Villarreal lacked permission to reapply for admission to the United States. Villarreal was previously convicted of illegal reentry and deported on December 11, 2008. Less than three months later, an agent encountered Villarreal near a border crossing and observed him trying to hide behind a vehicle. Villarreal's clothes were wet, indicating that he had just crossed the Rio Grande River from Mexico. Villarreal told the agents that he was coming from Mexico.

Villarreal testified that he is a Mexican citizen, that he is not a United States citizen, and that he had previously entered the United States illegally. He also testified that, when he returned to the United States on the date in question, he had not applied for permission to enter the United States. He testified further that, when he was apprehended by the agents on the date in question, he told them that he was from Mexico and did not have "any papers to be legal in the United States."

Based on the evidence of Villarreal's surreptitious entry and his admissions regarding the absence of permission to reenter the United States, there was no reasonable probability that Villarreal would have been acquitted if the CNR was not admitted. *See id.* Therefore, the error in admitting the CNR without the opportunity for confrontation did not affect Villarreal's substantial rights. *See id.*

The judgment of conviction is AFFIRMED.