[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11220
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00003-CEH-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MANUEL RIVERA-SOTO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 31, 2011)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Juan Manuel Rivera-Soto appeals his conviction for illegal reentry by an alien previously convicted of a felony in violation of 8 U.S.C. § 1326(b)(1). Rivera-Soto urges this court to set aside his conviction for the following reasons. First, he argues that his immigration records were improperly admitted under the business records exception to the hearsay rule. Second, he contends that the introduction of his immigration records into evidence violated the Confrontation Clause of the Sixth Amendment. Finally, he asserts that the government failed to prove two essential elements of the offense—namely, that at the relevant time, he was an alien and that he did not receive the Attorney General's consent to reapply for admission into the United States.

## I. Hearsay Exception

"We review evidentiary rulings for an abuse of discretion." United States v. Caraballo, 595 F.3d 1214, 1226 (11th Cir. 2010). Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Under Federal Rule of Evidence 803(6), business records are not excluded as hearsay if they are kept in the course of a regularly conducted business activity, and if it was the regular practice of the business activity to make the records, "all as shown by the testimony of the custodian or other qualified

witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification." Id. 803(6).

Under Federal Rule of Evidence 803(8), documents are generally not excluded as hearsay if they are records, reports, statements, or data compilations, in any form, of public agencies, which set forth the activities of the agency or matters observed pursuant to a legal duty to report, unless circumstances indicate a lack of trustworthiness. Id. 803(8)(A), (B). Public records may be authenticated by showing that they are "from the public office where items of [that] nature are kept." Id. 901(b)(7).

Rivera-Soto argues that the district court erred in admitting his immigration records under the business records exception to the hearsay rule. This contention is unavailing because the district court also admitted the immigration records under the public records exception. The district court did not abuse its discretion in so doing. We have previously held that "routinely and mechanically kept" immigration records, such as deportation warrants, are admissible as public records. United States v. Agustino-Hernandez, 14 F.3d 42, 43 (11th Cir. 1994); see also Caraballo, 595 F.3d at 1226.

Rivera-Soto has not otherwise argued that the records in this case are so untrustworthy that the jury should not have been allowed to consider them. See

3

generally Fed. R. Evid. 803(8) (providing that public records may be excluded if "circumstances indicate [a] lack of trustworthiness").  Nor has he asserted that the government failed to provide sufficient evidence to authenticate the records as those of the Department of Homeland Security (DHS).  See generally id. 901(b)(7) (providing that public records may be authenticated by showing that the records are "from the public office where items of [that] nature are kept").  Under these circumstances, we cannot say that the district court abused its discretion in admitting the immigration records into evidence under the public records exception to the hearsay rule.

## II.    Confrontation Clause

"[W]e review 'de novo the question of whether hearsay statements are 'testimonial' for purposes of the Confrontation Clause.'"  Caraballo, 595 F.3d at 1226 (quoting United States v. Lamons, 532 F.3d 1251, 1261 n.15 (11th Cir. 2008)).  "[T]he Confrontation Clause bars the admission of the testimonial statements of a witness who did not appear at trial unless the witness was unavailable and the defendant had a prior opportunity to cross-examine him or her."  Id. at 1227 (citing Crawford v. Washington, 541 U.S. 36, 53–54 (2004)).  Statements "are testimonial when the circumstances objectively indicate that . . . the primary purpose of the [statement] is to establish or prove past events

4

potentially relevant to later criminal prosecution." Id. (quoting Davis v.

Washington, 547 U.S. 813, 822 (2006)).

In United States v. Cantellano, 430 F.3d 1142 (11th Cir. 2005), we held that

a deportation warrant is non-testimonial and not subject to confrontation because

it is "recorded routinely and not in preparation for a criminal trial." Id. at 1145.

We noted that a deportation warrant simply "records facts about where, when, and

how a deportee left the country." Id. In Caraballo, we similarly held that an alien

file's I-213 form, which "is primarily used . . . for the purpose of tracking the entry

of aliens into the United States," is non-testimonial. 595 F.3d at 1229. We

observed that an I-213 form contains "routine biographical information that is

required of every foreign entrant for the proper administration of our immigration

laws and policies." Id.

As Rivera-Soto acknowledges, these precedents foreclose his argument that

in this case, the admission of the immigration records into evidence violated the

Confrontation Clause. A deportation warrant is non-testimonial. Cantellano, 430

F.3d at 1145. And while we have not previously considered whether an I-867

form is testimonial, our reasoning in Caraballo brings us to the conclusion that it is

also non-testimonial. Like an I-213 form, the I-867 form that records the sworn

statement of an alien prior to removal contains "routine biographical information"

5

obtained primarily "for the proper administration of our immigration laws and policies." Carabello, 595 F.3d at 1229. The immigration records in this case are thus non-testimonial and do not implicate the Confrontation Clause.[1]

### III.    Sufficiency of the Evidence

"We review whether the record contains sufficient evidence to support a jury's verdict de novo." United States v. Byrd, 403 F.3d 1278, 1288 (11th Cir. 2005). "In so doing, we view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices drawn in the government's favor." Id. "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999).

To obtain a conviction for the offense of illegal reentry by an alien, the government must prove that the defendant (1) was an alien; (2) had previously been deported from the United States; (3) was thereafter found to be in the United States voluntarily; and (4) had not received the express consent of the Attorney General to reapply for readmission to the United States. See 8 U.S.C. § 1326(a);

---

[1] We also note that the Immigration and Customs Enforcement agent who conducted the interview to elicit the answers on the I-867 form was a witness at trial and was thus available for cross-examination. Thus, even if the sworn statement were testimonial, there was no Confrontation Clause violation.

United States v. Henry, 111 F.3d 111, 113–14 (11th Cir. 1997).[2]  Rivera-Soto

argues that the government failed to provide sufficient evidence for the jury to find

the first and fourth elements of the offense.   We are not persuaded by this

argument.

First, Rivera-Soto's 2004 I-867 form states that he is a citizen of Mexico.

The jury could have reasonably inferred from that statement, and the execution of

the deportation warrant in 2004, that Rivera-Soto was an alien at the relevant time.

Rivera-Soto relies on cases such as United States v. Hernandez, 105 F.3d 1330

(9th Cir. 1997), to argue that a defendant's admission that he is an alien is

insufficient to establish the element of alienage.  This effort is misdirected.  Cases

such as Hernandez concern the insufficiency of an admission made at the time of,

or after, the arrest leading up to the conviction that is being challenged. See, e.g.,

id. at 1331–33.  In this case, the government did not introduce evidence of such a

confession in its effort to prove the element of alienage.

Second, the jury could also have reasonably found that Rivera-Soto did not

obtain the consent of the Attorney General to reapply for admission.  An

Immigration and Customs Enforcement (ICE) agent testified that he was unable to

---

[2] Rivera-Soto was convicted for violating 8 U.S.C. § 1326(b)(1).  A conviction under that statutory provision requires the government to establish the elements for a violation of 8 U.S.C. § 1326(a).  See 8 U.S.C. § 1326(b).

7

find any physical or electronic record indicating that Rivera-Soto had applied for readmission into the United States. The jury's decision to credit that testimony is not ours to question. See United States v. Parrado, 911 F.2d 1567, 1571 (11th Cir. 1990) ("Credibility determinations are the exclusive province of the jury.").

Rivera-Soto contends that in lieu of or in addition to the ICE agent's testimony, the government was required to offer a Certificate of Nonexistence of Records.[3] Rivera-Soto cites no cases that support this specific proposition. In any event, it conflicts with "the familiar, standard rule that the prosecution is entitled to prove its case by evidence of its own choice." Old Chief v. United States, 519 U.S. 172, 186 (1997). In light of the ICE agent's testimony here, the jury could have reasonably found that Rivera-Soto did not obtain the requisite permission to reenter the United States following his 2004 removal.

For the reasons set forth above, we affirm Rivera-Soto's conviction.[4]

**AFFIRMED.**

---

[3] A Certificate of Nonexistence of Records certifies that a DHS employee searched the immigration records databases and found no record indicating the alien received permission to reenter the United States. See United States v. Villareal-Martinez, 382 F. App'x. 379, 380 (5th Cir. 2010).

[4] Rivera-Soto's request for oral argument is denied.